89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Henry D. BAUER, also known as Hank Bauer, Appellant.
 No. 96-1008.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 7, 1996.
Decided June 13, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Henry Bauer challenges the 30-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Bauer argues the district court erred in assessing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. We affirm.
 
 
 2
 The district court found that an employee of Bauer's attempted to intimidate a government witness and that Bauer directed the employee's actions. In making this finding, the court discredited Bauer's and his employee's version of the incident. After carefully reviewing the record, we conclude the district court's findings in support of the section 3C1.1 enhancement were not clearly erroneous. See United States v. Pena, 67 F.3d 153, 157 (8th Cir.1995) (standard of review); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993) (district court's credibility findings are virtually unassailable on appeal). We reject Bauer's contention that the enhancement was improper because he did not personally make the alleged threats and they were not directly communicated to the government witness. See U.S.S.G. § 3C1.1 comment. (n.7) (defendant is accountable for his own conduct and conduct he aided or abetted, counseled, commanded, induced, procured, or willfully caused); United States v. Hang, 75 F.3d 1275, 1284-85 (8th Cir.1996); cf. United States v. Larson, 978 F.2d 1021, 1026 (8th Cir.1992) (although defendant did not convey solicitation directly to target, guideline covers indirect attempts). Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE RICHARD G. KOPF, United States District judge for the District of Nebraska